**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RALPH DAHM AND | ) | |
| PATRICIA BEST DAHM, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 06 C 5031 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| FIRST AMERICAN TITLE INSURANCE | ) | District Judge |
| COMPANY, as assignee of the Small Business | ) | |
| Administration; FIRST GLOBAL PACIFIC | ) | |
| FUNDING, INC., d/b/a/ First Pacific Financial; | ) | |
| J&J LENDING CORP, d/b/a First Pacific | ) | |
| Financial; DANA CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 9, 2008, the court conducted a bench trial, solely as to the claims between plaintiffs Ralph and Patricia Dahm (the "Dahms") and defendant First American Title Insurance Company ("First American"). After listening to the testimony presented by both parties and reviewing the documents entered into evidence at trial, the following constitutes the court's findings of fact and conclusions of law, pursuant to Federal Rule of Civil Procedure ("Rule") 52.

*I. Findings of Fact*

The parties stipulated to the following facts. On June 10, 1999, the Dahms mortgaged their home in Wheaton, Illinois to Old Kent Bank ("Old Kent") to secure repayment of a promissory note for $100,000. That mortgage, recorded as R19999-154953 (hereinafter the "SBA mortgage"), is the claimed cloud on title to the Dahms' home at issue in this case. In their complaint, the Dahms seek to quiet title to their home. Specifically, they seek a declaratory judgment that the SBA mortgage is not a valid lien. In its counterclaim, First American seeks a

finding that the SBA mortgage is a valid lien, and an order foreclosing the SBA mortgage.

On December 1, 1999, the Dahms granted a second mortgage on their home to Provident Bank ("Provident") to secure a promissory note for $519,680. Old Kent agreed to subordinate the SBA mortgage to Provident's mortgage. Prior to September 2001, the Dahms filed for personal bankruptcy under Chapter 7 of the Bankruptcy Code ("Chapter 7"). On September 17, 2001, the bankruptcy court discharged the Dahms from any personal liability on the $100,000 Old Kent promissory note.

On June 5, 2002, Fifth Third Bank, Old Kent's successor in interest, assigned the $100,000 mortgage to the Small Business Administration ("SBA"). On December 24, 2002, Provident initiated proceedings in the Circuit Court of DuPage County, Illinois to foreclose its mortgage, claiming the Dahms defaulted on the monthly installment payments they owed Provident on the $519,680 loan. Provident named The United States of America ("United States") as a defendant in the foreclosure case because the SBA, a federal agency, had a second mortgage on the Dahms' home. Provident properly served the United States with summons and a copy of the complaint.

On May 13, 2003, the DuPage County court entered a default order and judgment of foreclosure and sale ("judgment") in favor of Provident in the amount of $579,933.28, plus post judgment interest and costs. The judgment provided the Dahms with a right of redemption until August 14, 2003. The Dahms did not exercise their right of redemption by August 14, 2003, so the DuPage Country Sheriff sold the Dahms' home at a "Sheriff's sale" on November 18, 2003. Provident was the successful bidder at that sale and its bid was less than the amount due and owing under the judgment. Thereafter, Provident received a Sheriff's deed for the home. On

January 16, 2004, the DuPage County court confirmed the Sheriff's sale of the home to Provident and the existence of a deficiency between the successful bid price and the amount of Provident's outstanding judgment.

On January 23, 2004, SBA executed a subordination agreement ("agreement") in favor of the Real Estate Mortgage and Financial Corporation ("REMFC"). Under the agreement, SBA subordinated its interest in the home – the SBA mortgage – to REMFC. The Dahms negotiated a settlement with Provident and agreed to pay Provident $575,000 in exchange for title to their home and satisfaction of any deficiency judgment. The Dahms paid Providence with the proceeds from REMFC's $635,550 loan. In light of the settlement agreement and payout between the Dahms and Provident, on February 3, 2004, the DuPage Country court vacated: (1) the judgment it entered in the foreclosure case; (2) the Sheriff's sale; and (3) the order confirming the Sheriff's sale. The DuPage Country court also cancelled the unrecorded Sheriff's deed to the Dahms' home. On March 15, 2004, Provident recorded a release of its mortgage on the Dahms' home. Almost eighteen months later, on August 30, 2005, SBA assigned the SBA mortgage to First American.

## II. Conclusions of Law

The primary question before the court is whether First American presently holds a valid lien – the SBA mortgage – on the Dahms' home. We find that it does. The SBA mortgage is a valid lien on the Dahms' home and was not extinguished pursuant to Section 15-1509(c) of the Illinois Mortgage Foreclosure Law ("IMFL"), 735 ILCS 5/15-101, *et seq*.

The discharge in the Dahms' Chapter 7 personal bankruptcy case only extinguished their personal liability for the $100,000 promissory note. It had no effect on the validity of the SBA

mortgage lien on their home. *See Federal Nat. Mort. Ass'n v. Schildgen*, 252 Ill.App.3d 984, 987 (Ill. App. Ct. 1st Dist. 1993) (holding "A discharge granted to a debtor under the [Bankruptcy Code] relieves the debtor of his obligations, however, a lien is still enforceable."); *see also In re Redmond*, 380 B.R. 179, 189 (Bankr.N.D.Ill. 2007)(holding same).

The DuPage County court's order of February 3, 2004, vacated the confirmation of the Sheriff's sale and final foreclosure judgment, dismissed the foreclosure case, and cancelled the Sheriff's deed. The February 3, 2004 order nullified and cancelled the confirmation of the Sheriff's sale and final foreclosure judgment entered by the DuPage County court on January 16, 2004. *See People v. Eidel*, 319 Ill.App.3d 496, 504 (Ill. App. Ct. 2nd Dist. 2001)(citing BLACK'S LAW DISCTIONARY 1546 (7th Ed. 1999)). After a judgment is vacated, it is entirely destroyed and the parties are restored to "the status quo *ante*, as thought the judgment had never been entered." *Applegate v. State of Ill. Dept. of Transportation*, 335 Ill. App. 3d 1056, 1063 (Ill. App. Ct. 4th Dist. 2002). Prior to the confirmation of the Sheriff's sale and entry of a final foreclosure judgment, the Dahms owned their home subject to mortgages to Provident and SBA. Accordingly, after the DuPage County court vacated the foreclosure judgment, the parties returned to the status quo *ante* and the Dahms again owned their home subject to the Provident and SBA mortgages. Pursuant to a settlement agreement with the Dahms, Provident released its mortgage on the Dahm's home and returned title to the home to the Dahms in exchange for $575,000. The Dahms did not exercise their right of redemption pursuant to the IMFL. 735 ILCS 5/15-1604. The Dahms also did not settle the SBA mortgage and it remained a valid lien on their home.

The Dahms' argument that the SBA mortgage is no longer a valid lien on their home is

4

not persuasive to this Court. The default order the DuPage County court entered against the United States, the holder of the SBA mortgage at that time, in the foreclosure case did not become a final judgment until the court entered an order confirming the Sheriff's sale. The court confirmed the Sheriff's sale on January 16, 2004, which constituted the final judgment in the foreclosure case. *See In re Marriage of Verdung,* 126 Ill.2d 542, 555 (1989); *see King City Federal Sav. and Loan Ass'n v. Ison*, 400 N.E.2d 562, 563 (Ill. App. Ct 5th Dist. 1980). Pursuant to 735 ILCS 5/2-1301(e), the court retained jurisdiction to set aside that final judgment for thirty days after the January 16, 2004 order. When the court vacated the final judgment on February 3, 2004, within its allotted thirty day window, it vacated the entire judgment including the default judgment against the United States. The default order and vacated default judgment against the United States have no bearing on the validity of the SBA mortgage.

The Dahms also argue that once the Sheriff's deed was issued and delivered to Provident, it extinguished all liens on the Dahms' home, including the SBA mortgage. According to the Dahms, any action by the DuPage County court in vacating the foreclosure judgment and cancelling the Sheriff's deed, did not revive the extinguished SBA mortgage. In support of this argument, the Dahms cite to 735 ILCS 5/15-1509(c). We do not agree with the Dahms' interpretation of Section 1509(c). The DuPage County court's February 3, 2004 order, cancelled the Sheriff's deed and vacated the foreclosure judgment. As we stated above, when the DuPage County court vacated the foreclosure judgment and cancelled the deed, it returned the parties to the status quo *ante* and the SBA retained its mortgage on the Dahms' home.

ORDERED: Plaintiffs' motion for judgment pursuant to Rule 52(c) [136] is denied. First American's motion for leave to amend its answer to plaintiffs' First Amended Complaint

pursuant to Rule 15(a) [133] is granted. Plaintiffs' motion for clarification [130] is granted as stated in open court. Plaintiffs' motion for clarification [124] is denied as moot in light of the second motion for clarification filed on 6/2/08. Judgment is entered in favor of First American and against the Dahms as to First American's counterclaim [64]. The court finds that the SBA mortgage is a valid lien on the Dahms' home and First American is entitled to foreclosure of the SBA Mortgage. The Dahms' request for declaratory judgment against First American and to quiet title to their home in Counts I and II of their First Amended Complaint are denied. First American should prepare and submit a draft order addressing any additional relief it seeks related to the mortgage foreclosure by July 11, 2008.

ENTERED: *Wayne Andersen*
Wayne R. Andersen
District Judge

Dated: July 7, 2008